**Raymond J. VEELIK, Appellant,**

**v.**

**The ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, a corporation, Appellee.**

**No. 14366.**

United States Court of Appeals
Ninth Circuit.
April 26, 1955.

Nat Wilk, Los Angeles, Cal., for appellant.

Robert W. Walker, J. H. Cummins, Los Angeles, Cal., for appellee.

Before STEPHENS and FEE, Circuit Judges, and WIIG, District Judge.

JAMES ALGER FEE, Circuit Judge.

The action was filed by Veelik under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. There was a trial before a jury, which rendered a verdict in his favor for $2,000.00, damages for personal injuries sustained by him as a result of a railway train accident while he was employed as a fireman by the Santa Fe. The company had admitted liability, but denied that plaintiff suffered damage in the sum of $100,000.00, as he claimed.

"The sole legal question on this appeal is whether or not the damages awarded to the plaintiff in the sum of $2,000.00 were inadequate under the evidence."

The record has been carefully reviewed. While a much higher verdict might have been justified on the evidence if the triers of fact had chosen to return a greater amount, there was no basis for granting a new trial or setting aside the award which was made. The sum which they gave plaintiff Veelik was amply compensatory for the moderately severe contusions which he sustained according to the doctor who first examined him immediately after the occurrence. Even if it were found according to the report of the physician who examined him a month later that he received "multiple contusions and abrasions" including "cervical strain and sprain," which had then "essentially resolved," the jury might well have concluded with this doctor that his headaches were "essentially subjective in nature" and "no permanent disability" was anticipated even then. They might well have found, as the physician forecast, "that within a period of ten days or two weeks" he could have returned to his work. The fact that he was "super-cautious," according to the hospital record of September 30, 1952, might well have led the jury to believe that he delayed for eight months and six days before returning to work because of his overcautious nature and not on account of any injury inflicted in the accident.

The attitude of appellant is that his story, or at least the evidence in his behalf, must be taken as the measure of damage. His brief stated:

"I will state in narrative form the evidence which was given and will disregard all conflicting evidence and all evidence which contradicts the evidence in favor of plaintiff."

Taking this portion of the record alone, the verdict was not necessarily inadequate, for it does not clearly appear from this fragment of the whole, even if uncontradicted, that the amount bears no reasonable relation to the loss suffered

by plaintiff as a proximate result of the accident. The sum neither shocked the conscience of the District Court nor does it shock the conscience of this Court. Certainly there is no circumstance to raise the inference of passion or prejudice upon the part of the jury. The fact is unescapable that the jury did award damages, which appear ample to this Court in the face of evidence which might well have allowed that body to conclude that plaintiff was a malingerer attempting to parlay a minor set of bruises into the $100,000.00 for which he prayed.

Many of the devices suggested by advocates of the "adequate recovery" were attempted in the trial of this case. But the jury must be trusted in the absence of legal error. If the courts are to uphold some of the large verdicts which are returned, these tribunals should also respect their findings when they choose to be moderate.

Finally, this Court is set up to review errors of law.

Affirmed.